Jeremy Warren
WARREN & BURSTEIN
State Bar No. 177900
501 West Broadway, Suite 240
(619) 234-4433
jw@wabulaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.:  19cr4768-GPC |
| ) | |
| Plaintiff, ) | |
| ) | Motion to dismiss Count 13 for failure |
| v. ) | to include necessary elements |
| ) | |
| GIOVANNI TILOTTA, ) | |
| ) | |
| Defendants. ) | |
| ──────────────────────── ) | |

## Introduction

Mr. Tilotta is a federal firearms licensee.  Based on certain transactions he conducted with Marco Garmo and others, he is charged in two counts: aiding and abetting Garmo's unlicensed firearms business (Count 1) and conducting firearms transactions in violation of state law (Count 13).  Because Count 13 requires a *willful* violation but the indictment charges only a lesser, *knowing* violation, it fails to state an offense and must be dismissed.

## Statement of Relevant Facts

Count 13 focuses on an alleged firearms transaction Mr. Tilotta conducted at a Sheriff's substation in Rancho San Diego.  According to the indictment, on October 28, 2016, Mr. Tilotta (and Garmo) sold firearms to an attorney named Vik Bajaj

1

inside Garmo's office at the substation. *See* Indictment, dckt. 1, Par. 23, 62-63.

The indictment alleges this conduct was a federal crime because it violated a California firearms regulation. The relevant statutory interplay is as follows:

First, under 18 U.S.C. § 924(a)(1)(D) anyone who "*willfully* violates any [] provision of this chapter" faces up to five years in federal prison. (Emphasis added).

Second, under 18 U.S.C. § 922(b)(2), it is a violation for a licensed firearms dealer "to sell or deliver" "any firearm to any person in any State where the purchase or possession by such person of such firearm would be in violation of any State law or any published ordinance applicable at the place of sale [or] delivery…[.]"

Third, under California Penal Code § 26805(d), a firearm may be delivered to a purchaser only at the licensee's designated place of business, gun shows, or the purchaser's place of business, or property the purchaser owns or lawfully possesses.

Construed together, the indictment alleges that Mr. Tilotta violated Penal Code § 26805(d) by delivering firearms to Mr. Bajaj at the sheriff's substation, because it was not Mr. Tilotta's or Mr. Bajaj's property or place of business. By violating a state firearms regulation, the conduct violated 18 U.S.C. § 922(b)(2), which in turn constituted a federal crime under § 924(a)(1)(D).

## **Argument**

The indictment contains a fatal error by alleging knowing rather than willful conduct.

### A.   Section 924(a)(1)(D) requires proof of willful conduct.

Section 924(a)(1) lists four ways to commit a federal crime:

- (A) "knowingly" making certain false statements,
- (B) "knowingly" violating certain subsections of section 922,
- (C) "knowingly" importing firearms or ammunition in violation of section 922(l), or
- (D) "*willfully* violat[ing] any other provision of this chapter [44]" (emphasis added).

Clearly, Congress intended a higher standard for a violation of subsection (D), the charge alleged in Count 13. Unlike knowing violations of section 922, it is only *willful* violations of the remaining portions of section 922 that rise to a felony. As the Supreme Court noted in distinguishing § 924(a)(1)(D) from the knowingly standard in §§ 924(a)(1)(A), (B), and (C): "More is required, however, with respect to the conduct in the fourth category that is only criminal when done 'willfully.' The jury must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 193 (1998); *see also* Ninth Circuit Model Jury Instruction 8.59 (Firearms – unlawful sale or delivery, 18 U.S.C. § 922(b)(1)-(3)) ("Second, the defendant willfully [sold] [delivered]," etc.).

### B.   The indictment alleges only knowing conduct.

Despite this requirement of willfulness, the indictment alleges only the lower, "knowingly" mens rea against Mr. Tilotta. It alleges in Paragraph 63,

3

On or about October 28, 2016, within the Southern District of California, defendant GIOVANNI VINCENZO TILOTTA, aka "Gio Tilotta", a person licensed under the provisions of Title 18, United States Code, Chapter 44, **knowingly** did sell, deliver and transfer three firearms, that is, a Daniel Defense AR-15 style 5. 56mm rifle bearing serial number DDM4107377, a Smith & Wesson Shield 9mm handgun bearing serial number HNH6175, and a Glock 27 .40 caliber pistol bearing serial number RLK240, to V.B., at the Rancho San Diego Substation of the San Diego County Sheriff's Department, a location prohibited by California Penal Code Section 26805(d).

All in violation of Title 18, United States Code, Sections 922 (b) (2) and 924 (a) (1) (D).

Dckt. 1, Count 13 (emphasis added.)[1]

### C.  Failure to allege the correct mens rea is fatal.

The law is settled that the requisite mens rea is an element of the offense. *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). And "an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *Id*.

In *Du Bo*, the defendant was charged with a violation of the Hobbs Act. Although not contained in the statute, criminal intent ("acting 'knowingly or willingly'") "is an implied and necessary element[.]" *Id*. Such implied elements

---

[1] Mr. Tilotta notes the government correctly alleged a willful violation of section 924(a)(1)(D) in Count 1. *See* dckt. 1 at par. 39 (alleging Marco Garmo "*willfully* engaged in the business of dealing in firearms") (emphasis added).

4

"must be included in an indictment." *Id.* (citation omitted). Because Du Bo's indictment alleged only that he "unlawfully" affected commerce by the "wrongful" use of force, it failed to "connote the proper mens rea." *Id.* As such, the indictment "on its face is deficient." *Id.*

The major problem with a deficient indictment is that the Fifth Amendment "requires that a defendant be convicted only on charges considered and found by a grand jury." *Id.* But where the indictment does not include the appropriate mens rea, the court can only "guess as to what was in the minds of the grand jury at the time they returned the indictment[.]" *Id.* And "[r]efusing to reverse in such a situation would impermissibly allow conviction on a charge never considered by the grand jury." *Id.* at 1180.

The court further held dismissal was necessary because the "indictment lacks a necessary allegation of criminal intent, and as such does not properly allege an offense against the United States." *Id.* (internal citation omitted). This is particularly true where the missing element is willfulness. *See id.*, citing *United States v. Kurka*, 818 F.2d 1427, 1431 (9th Cir. 1987) ("failure to include the element of willfulness renders [an] indictment constitutionally defective."). Moreover, "a correct citation to the statute is not sufficient to compensate for the exclusion." *Kurka*, 818 F.2d at 1431.

Lest there be any doubt, the Ninth Circuit recently reaffirmed these principles in *United States v. Qazi*, --- F.3d --- (9th Cir., September 17, 2020). There, the defendant was charged with felon in possession of a firearm. *Id.* at *3. Because the

case was filed before the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the indictment charged only knowing possession of a firearm, but *not* that the defendant knew he was a prohibited person. *Id.* at *5. Nevertheless, the defendant challenged the indictment pretrial, arguing the indictment failed to allege all essential elements of the offense. *Id.* at *3-4.

Calling it "the *Du Bo* rule," the court explained that where an indictment omits an essential element, "*Du Bo* requires automatic dismissal regardless of whether the error prejudiced the defendant." *Id.* at *5. After *Rehaif*, the court agreed the indictment left out an essential element "because it did not allege that he had knowledge of his felon status." *Id.* at *9. The omission of the requisite mental state "is a fatal flaw requiring dismissal of the indictment." *Id.* at *10 (citing *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2004)).

## Conclusion

The application of this rule here is straightforward. The statute requires proof of a willful violation. The indictment alleges only a lesser, knowing, mens rea. As such, the indictment does not state an offense, and the grand jury cannot be said to have passed on the elements of the crime. Under the *Du Bo* rule, Count 13 is deficient and must be dismissed.

Dated: September 25, 2020                *s/ Jeremy Warren*
                                         Jeremy Warren
                                         Attorney for Mr. Tilotta