LINDA FRAKES
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515
Nicholas W. Pilchak
CA State Bar No. 331711
Andrew R. Haden
CA State Bar No. 258436
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619)546-9709 / 6961
Email: nicholas.pilchak@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 19-CR-4768-GPC |
| Plaintiff, | Date: January 7, 2022 |
| v. | Time: 2:30 p.m. |
| GIOVANNI VINCENZO TILOTTA (3), aka "Gio Tilotta," | Honorable Gonzalo P. Curiel |
| Defendant. | **RESPONSE TO DEFENDANT TILOTTA'S MOTION TO DISMISS COUNT 3 (ECF 225) AND EITHER COUNT 5 OR 6 (ECF 226)** |

**TO: Jeremy Warren, Attorney for Defendant GIOVANNI VINCENZO TILOTTA (3).**

The UNITED STATES OF AMERICA, by and through its counsel, LINDA FRAKES, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and Nicholas W. Pilchak and Andrew R. Haden, Assistant U.S. Attorneys, hereby files its Response to Defendant Giovanni Tilotta's Motions to Dismiss certain counts of the indictment. As set forth in more detail below, to avoid litigation risk on the issues raised in Defendant's Motions—and because doing so would

1  not affect the relevance or admissibility of any of the evidence intended to be introduced
2  at Defendant's trial—the United States will move to dismiss the challenged counts
3  without prejudice at the *in limine* hearing.

# I
# **PROCEDURAL HISTORY**

The motion hearing and trial setting in this case was first held January 10, 2020. ECF 65.  After several continuances, the case was set on for motion hearing again on October 8, 2020, with motions due by September 24, 2020.  ECF 92.  On September 25, 2020, Defendant Tilotta filed a motion to dismiss Count 13 of the original indictment. ECF 111.  The grand jury returned a superseding indictment on April 5, 2021, which (among other things) addressed the pleading issue challenged in Defendant's first motion to dismiss.  ECF 152.  Accordingly, at a hearing on April 29, 2021, the Court acknowledged that the issue was moot, but simultaneously granted Defendant's motion to dismiss that count only.  155, 156 at 23:6–14.

On December 10, 2021—the date originally set for filing of motions *in limine*, and not Rule 12 motions, ECF 214—Defendant Tilotta filed the instant motions to dismiss Counts 3 and either 5 or 6 of the superseding indictment.  ECF 225, 226.

# II
# **MEMORANDUM OF POINTS AND AUTHORITIES**

### A.   **Motion to Dismiss Count 3**

Defendant seeks dismissal of Count 3 of the superseding indictment because it was returned more than 5 years after the conduct alleged.  ECF 225 at 2.  While the grand jury charged an almost identical count—based upon the same alleged conduct— in the original indictment, ECF 1 ¶ 49, it is true that the superseding count alleged (for the first time) that Tilotta participated in the offense by aiding and abetting it.  The original count *did* name Honey Badger Firearms as the FFL conducting the transaction, and clearly tied the transaction into the overall scheme that Tilotta was charged with aiding and abetting.  *Id*.  Moreover, aiding and abetting is implied in every count of an

indictment as a theory of liability, and need not be expressly charged. *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995). This could perhaps satisfy the underlying rationale for statutes of repose, in that Tilotta was amply advised that this transaction would be proved against him as evidence at his trial. *Cf. United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990) ("Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.").

Nevertheless, since evidence of the transaction charged in Count 3 will be admissible regardless at Tilotta's trial on the remaining counts as evidence of an overt act in furtherance of the charged conspiracy (Count 1) and of Tilotta's aiding and abetting Garmo's unlicensed dealing in firearms (Count 2), the United States plans to move to dismiss this count without prejudice at the next hearing to avoid unnecessary litigation risk on this count.

### B.     Motion to Dismiss Count 5 or 6

Defendant seeks dismissal of either Count 5 or Count 6 of the superseding indictment because he claims they are multiplicitous. ECF 226 at 1. Although there is no binding precedent on this point, once again the voluntary dismissal of one of the counts will neither affect the admission of evidence at Tilotta's trial nor his practical sentencing exposure following a conviction. Accordingly, the United States plans to move to dismiss Count 6 without prejudice at the *in limine* hearing to avoid litigation risk and to conserve the parties' and the Court's resources.

/ /
/ /
/ /
/ /
/ /

# III
# CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court permit it to voluntarily dismiss Counts 3 and 6 at the *in limine* hearing without prejudice.

DATED: December 23, 2021

                                   LINDA FRAKES
                                   Attorney for the United States
                                   Acting Under Authority
                                   Conferred by 28 U.S.C. § 515


/s/ Nicholas W. Pilchak
NICHOLAS W. PILCHAK
Assistant United States Attorney


/s/ Andrew R. Haden
ANDREW R. HADEN
Assistant United States Attorney