Jeremy Warren
WARREN & BURSTEIN
State Bar No. 177900
501 West Broadway, Suite 240
(619) 234-4433
jw@wabulaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GIOVANNI TILOTTA,<br><br>    Defendant. | Case No.: 19cr4768-GPC<br><br>Motion to dismiss the indictment based on a violation of the Second Amendment<br><br>August 15, 2022 |

## Introduction

The regulatory scheme for the transfer of firearms infringes on the Second Amendment. And because the charges contained in Mr. Tilotta's indictment are based on constitutionally infirm provisions and are being applied to him in violation of the Second Amendment, the indictment should be dismissed.

## Statement of relevant facts

The crux of Mr. Tilotta's indictment is that he aided and abetted false statements on firearms transfer forms, ATF-4473s. The current charges are as follows:

- Count 1: Conspiracy to make false statements in the acquisition of firearms,

1

- Count 2: Aiding and abetting Garmo's crime of engaging in the business of dealing firearms without a license,

- Count 4-5: Aiding and abetting the false statement in the acquisition of a firearm, and

- Count 7: Willfully conducting firearms transactions in violation of state law.

Each of these charges relates to Mr. Tilotta's alleged violation, as a federally licensed firearms dealer, of convoluted rules and regulations established by the ATF. Because these regulations and statutes limit the ability of citizens to acquire and possess firearms for self-defense, they implicate the core of the Second Amendment.

Specifically, the government alleges that Mr. Tilotta improperly started paperwork, e.g., ATF-4473 forms, earlier than the rules allowed, and improperly backdated the forms when the customer picked up his firearms. (Counts 1, 4, 5, and 7). Count 2 similarly implicates ATF regulations, as it alleges Mr. Tilotta knowingly assisted Mr. Garmo's unlicensed firearms business. Finally, count 7 alleges Mr. Tilotta committed a federal crime by delivering firearms to a private citizen at a police station in violation of a California firearm law.

## Controlling Law

After the Supreme Court's decision in *District of Colombia v. Heller*, 554 U.S. 570 (2008), courts began reviewing firearms laws using a "two-step framework for analyzing second amendment challenges that combines history with means-end scrutiny." *New York State Rifle & Pistol Assn v. Bruen* 142 S. Ct. 2111, 2125 (2022).

But following its decision in *Bruen* just a few weeks ago, this analysis no longer applies. Just this term, the Court explained the two-step approach was "one step too many." *Id*. at 2127. While step one, "a test rooted in the Second Amendment's text, as informed by history," was appropriate, there was "no support [for] applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*.

This it cannot do here.

## **Argument**

The Second Amendment protects an individual's right to keep and bear arms for self-defense. The laws Mr. Tilotta is charged with breaking are based on restrictive ATF regulations. In particular, 27 CFR § 478.124 establishes the requirement for form 4473 and directs licensed dealers to include and maintain certain records. As just part of the requirements, the provision states,

> (a) A licensed importer, licensed manufacturer, or licensed dealer shall not sell or otherwise dispose, temporarily or permanently, of any firearm to any person, other than another licensee, unless the licensee records the transaction on a firearms transaction record, Form 4473…
>
> (c)(1) Prior to making an over-the-counter transfer of a firearm to a nonlicensee who is a resident of the State in which the licensee's business premises is located, the licensed importer, licensed manufacturer, or licensed dealer so transferring the firearm shall obtain a Form 4473 from the transferee showing the transferee's name, sex, residence address (including county or similar political subdivision), date and place of birth; height, weight and race of the transferee; the transferee's country of citizenship; the transferee's

3

> INS-issued alien number or admission number; the transferee's State of residence; and certification by the transferee that the transferee is not prohibited by the Act from transporting or shipping a firearm in interstate or foreign commerce or receiving a firearm which has been shipped or transported in interstate or foreign commerce or possessing a firearm in or affecting commerce.

27 CFR § 478.124(a) and (c)(1).

Section 478.124, and form 4473 requires the buyer to provide identification documents, for the licensee to document them, and a host of other items.

On their face, and as applied, this provision burdens rights that the Second Amendment protects. The same holds true for the statute criminalizing the technical violation of a state regulation, as charged in count 7. As such, they are presumptively unconstitutional – as are the criminal provisions connected to the provision and charged in this case – and the government bears the burden of establishing a historic underpinning for them. *See Bruen,* 142 S. Ct. at 2129-30, (when the conduct is covered by the Second Amendment, "the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." (Quotation omitted).

Mr. Tilotta notes that in dicta, *Heller* stated, "nothing in our opinion should be taken to cast doubt on … laws imposing conditions and qualifications on the commercial sale of firearms." 554 U.S. at 626-27. The Court provided no

explanation or context for its dicta, and in any event, it cannot be squared with *Bruen*.[1]

Instead, the Court must look to historical sources from before and around the 1791 enactment of the Bill of Rights, the history of the Colonies and early Republic, and thereafter. Here, Mr. Tilotta has no burden at all – but he is aware of no historical antecedent establishing the type of regulatory framework involved in this case in or before the enactment of the Second Amendment. Indeed, the National Firearms Act was enacted in 1934, and it does not appear similar regulatory requirements were contained therein. But even if they were, *Bruen* made clear such recent enactments hardly qualify as longstanding tradition.

Similarly, the current firearms laws were enacted in 1968, just several decades ago, hardly a dent in our nation's history. For its part, the ATF was created in 1972, and it promulgated form 4473 thereafter. None of this history comes close to passing muster under *Bruen*.

In sum, the Court should find the regulations underpinning the criminal charges in this case presumptively unconstitutional under the Second Amendment. It should dismiss the charges because the government cannot meet its burden of establishing the provisions had comparable historical counterparts such that the

---

[1] The dissent was equally "puzzled" by this dicta, pointing out that the majority "fails to cite any colonial analogues" to modern restrictions on firearms sales. *Id*. at 721 (Breyer, J., dissenting).

current regulations are "consistent with this Nation's historical tradition of firearms regulation." *Bruen,* 142 S. Ct. at 2130.

## Conclusion

Because the "modern firearms regulations" underlying, and as applied to, this prosecution are not "consistent with the Second Amendment's text and historical understanding," the Court should reject them as unconstitutional and dismiss the indictment. *Id.* at 2131.

Respectfully submitted,

Dated: August 1, 2022

*s/ Jeremy Warren*
Jeremy Warren
Attorney for Mr. Tilotta