UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>GIOVANNI TILOTTA,<br><br>                           Defendant. | Case No.:  19-CR-4768-GPC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DECLARE COUNTS 1 AND 4  MISDEMEANORS**<br><br>**[ECF No. 374]** |

A jury found Defendant Giovanni Tilotta guilty on three counts relating to his involvement in Marco Garmo's scheme to improperly acquire and sell off-roster firearms. ECF No. 324.  On January 6, 2023, Tilotta moved for a new trial and moved to declare Counts 1 and 4 misdemeanors.  ECF No. 374 at 1–2.  The United States opposed the motion, ECF No. 381, and oral arguments were heard on two separate hearing dates, ECF Nos. 391 & 401.  On March 3, 2023, at the second hearing on the motion, the Court GRANTED Tilotta's motion to declare counts 1 and 4 misdemeanors.  This written order explains the Court's reasoning.

/ / /

/ / /

## I.  BACKGROUND INFORMATION

From at least September 9, 2015 to the time of his indictment, Tilotta "held one or more Federal Firearms Licenses ('FFLs') and owned and operated a federally licensed firearms dealer." ECF No. 152 at 1; *see* ECF No. 374 at 2 (referring to Tilotta "as a federal firearms licensee"). Tilotta was charged in seven of the eight counts in the April 2021 Superseding Indictment. ECF No. 152. Counts 3, 5, and 6 were dismissed on January 12, 2022, ECF No. 243, and Count 7 was dismissed on September 8, 2022, ECF No. 318. The three remaining charges that were considered by the jury were for violations of (1) 18 U.S.C. § 371 for conspiracy to make false statements in the acquisition of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A) (Count 1); (2) 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) & 2 for aiding and abetting others in engaging in the business of dealing in firearms without a license (Count 2); and (3) 18 U.S.C. §§ 924(a)(1)(A) & 2 for aiding and abetting others in making false statements in the acquisition of a firearm (Count 4). ECF No. 152 at 8, 14.

After six days of trial and a day of deliberation, the jury found Tilotta guilty of Counts 1, 2 and 4. ECF No. 324 at 1.

## II.  DISCUSSION

Tilotta argues that Counts one and four in his indictment should have been misdemeanors under 18 U.S.C. § 924(a)(3) rather than felonies under 18 U.S.C. § 924(a)(1)(A).[1]

---

[1] The United States challenges the timeliness of Tilotta's motion. It argues that under Federal Rule of Criminal Procedure 12(b)(2) and 12(b)(3)(B), non-jurisdictional challenges to the indictment "must be raised by pretrial motion." ECF No. 381 at 16. It points to a case from the Ninth Circuit which held that a defendant's contention that one count of the indictment was so indefinite as to render the indictment invalid, raised for the first time on appeal, was untimely. *Id. See United State v. Rodriguez-Ramirez*, 777 F.2d 454, 458–59 (9th Cir. 1985). However, a court may consider such an untimely motion "if the party shows good cause." Fed. R. Civ. P. 12(c)(3); *Rodriguez*, 777 F.2d at 459; *see also Polizzi v. United States*, 550 F.2d 1133, 1138 (9th Cir. 1976) ("Absent 'cause' proof of actual prejudice or excuse for failure to

2

### A. Principal Liability

In relevant parts section 924 instructs that:

> (a)(1) *Except as otherwise provided* in this subsection, . . . whoever—
>
> > (A) *knowingly* makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter;
> >
> > . . . .
> >
> > (D) *willingly* violates any other provision of this chapter,
>
> shall be fined under this title, imprisoned not more than five years, or both,
>
> . . . .
>
> (3) *Any licensed dealer*, . . . who *knowingly*—
>
> > (A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or
> >
> > (B) violates subsection (m) of section 922,
>
> *shall* be fined under this title, imprisoned not more than one year, or both. (Emphasis added.)

Tilotta reasons that "the specific controls over the general," and thus when the defendant "is a licensed dealer, subsection (a)(3) controls." ECF No. 374 at 13. The United States agreed at the March 3 hearing that it is a "well-established principle of statutory interpretation" that the specific controls over the general. Tilotta also analogizes his circumstances to that of the defendant in *United States v. Wegg*, 919 F.Supp. 898 (E.D. Va. 1996). The *Wegg* defendant was a licensed firearms dealer convicted of aiding and abetting

---

comply with Rule 12(b)(2) defendants' failure to object precludes our granting relief.") The Court finds good cause to consider the merits of Tilotta's motion given that he may only be liable for misdemeanors on these counts, rather than felonies.

making a false statement to a licensed firearms dealer under 18 U.S.C. §§ 924(a)(1) and 2, and conspiracy to make false statements to a licensed firearms dealer. *Id.* at 900–01. Upon reviewing the statute, legislative history, and case law, the *Wegg* court concluded that the defendant could only be prosecuted under the misdemeanor charge—section 924(a)(3)— for his involvement in the straw purchases, rather than the section 924(a)(1)(A) felony charge. *Id.* at 903.

The *Wegg* court found, and this Court agrees, that regardless of the wisdom behind the statute, its plain text creates a carveout for licensed firearms dealers convicted of "knowingly making false statements" on purchase records under section 924(a). *Id.* at 902. The exact same action that may be penalized as a felony under section 924(a)(1)(A) has an explicit exception whereby licensed firearms dealers may only be penalized with a misdemeanor under section 924(a)(3).

The Ninth Circuit addressed a similar but distinct argument in *United States v. Jarvouhey*, 117 F.3d 440 (9th Cir. 1997).  There, the defendant licensed firearms dealer pled guilty to "supplying semiautomatic weapons while knowingly and willfully failing to keep records of the name, age, and residence of the purchaser, in violation of 18 U.S.C. § 922(b)(5)." *Id.* at 440–41. He was sentenced under section 924(a)(1)(D) for his willful violations rather than the knowing violation under section 924(a)(1)(A). *Id.* at 441. The Ninth Circuit affirmed, reasoning that the mens rea requirement of section 924(a)(1)(D) required more culpability of the defendant—willfulness—whereas "section 924(a)(3) only applies to defendants convicted of *knowingly* making a false statement in connection with the purchase of a firearm." *Id.* at 442 (emphasis added).  That is, the Ninth Circuit specifically held that section 924(a)(3) did not apply because the defendant had pleaded guilty to, and was sentenced under, section 924(a)(1)(D) for willfully failing to keep

records.² Had the defendant instead knowingly made false statements in his transaction records, the Ninth Circuit apparently would have reached the opposite conclusion: "It is for Congress to decide whether a firearms dealer who willfully and completely fails to keep transaction records should be punished more severely than a dealer who knowingly makes false statements in his transaction records." *Id.* In *United States v. Rietzke*, 279 F.3d 541, 543–45 (7th Cir. 2002), the Seventh Circuit arrived at the same conclusion as *Jarvouhey* in a case in which the defendant also pleaded guilty to a willful violation under section 924(a)(1)(D).

Meanwhile, the Sixth and Eighth Circuits have held that licensed dealers *can* be charged with felonies for knowing violations under section 924(a)(1)(A), offering unpersuasive reasoning. *See United States v. Al-Muqsit*, 191 F.3d 928, 935 (8th Cir. 1999) (conducting only minimal legislative history review to reach opposite conclusion from *Wegg* despite acknowledging that section 924(a) was "not a model of clarity"), *vacated in part on other grounds by United States v. Logan*, 210 F.3d 820 (8th Cir. 2000)³; *United*

---

² "Knowingly" under § 924(a)(1) refers to the intent to do the act that is proscribed by law and "willfully" under § 924(a)(1)(D) requires knowledge of the law. *United States v. Obiechie*, 38 F.3d 309, 315 (9th Cir. 1994).

³ The Eighth Circuit also points to a quote from the bill sponsor stating that the "amendment was intended to ensure that the dealer would not be 'subjected to harsh felony penalties for technical violations of the rigid record-keeping standards.' " *Al-Muqsit*, 191 F.3d at 936 n.4 (quoting 131 Cong. Rec. 18,187 (daily ed. July 9, 1985) (statement of Sen. Orrin Hatch)).  The quote, in context, specifies that "this amendment reduc[ing] a licensed dealer's record-keeping violations from a felony to a misdemeanor will also respond appropriately to the concern, . . . that dealers have been and can be subjected to harsh felony penalties for technical violations for the rigid recordkeeping standards." 131 Cong. Rec. 18,187 (daily ed. July 9, 1985) (statement of Sen. Orrin Hatch).  In fact, throughout the several pages discussing the proposed amendments to section 924(a), multiple people stated that their understanding of the amendment was that it precluded felony prosecutions of licensed dealers for violations of section 922(m); that the government would have to prove a willful violation to prosecute a licensed dealer for a felony, and that "[t]he threat of being put out of business is probably sufficient in itself to ensure compliance with the recordkeeping requirements of the act." *See* 131 Cong. Rec. 18,186–88 (daily ed. July 9, 1985) (statements of Deputy Assistant Sec. Edward T. Stevenson, Sen. Orrin Hatch, & Sen. Robert J. Dole).

*States v. Carney*, 387 F.3d 436, 444–45, 444 n.7 (6th Cir. 2004) (providing only brief statutory analysis and relying heavily on *Al-Muqsit*).

As a matter of statutory construction, section 924(a) requires that licensed firearms dealers be charged under subsection (a)(3) for "knowingly" making false statements or representations with respect to their recordkeeping requirements, rather than under subsection (a)(1)(A). If the Government wishes to proceed with felony punishment, the burden is on the government to charge a licensed dealer for a "willful" violation under subsection (a)(1)(D).

### B.   Accomplice And Conspiracy Liability

The more complicated question is whether a prosecutor may charge a licensed dealer with aiding and abetting or conspiracy "to activate the felony provision of a statute, where defendant's identical acts would be a direct violation of a misdemeanor provision in the same statute, and where the legislative history strongly suggests that dealers . . . were intended to be treated [more leniently] under [section] 924." *See United States v. Wegg*, 919 F.Supp. 898, 906 (E.D. Va. 1996). The United States argues that because Tilotta was indicted for and convicted of conspiracy and aiding and abetting the other defendants "in making false statements in the acquisition of a firearm," his felony convictions should be upheld. ECF No. 324 at 1; *see* ECF No. 152 at 8, 14. The United States argues without citing to any caselaw that "licensees like Tilotta are properly subject to accomplice or conspiracy liability where they participate in felony false statements by non-licensees." ECF No. 381 at 19. It points to 18 U.S.C. § 2, which imposes principal liability for accomplices, and to 18 U.S.C. § 371, which imposes conspirator liability. *Id.* at 20.

Tilotta correctly explains the court's reasoning in *Wegg*, which found that the licensed dealer could not be charged with the felony offense under section 924(a)(1)(A) as a conspirator or accomplice. 919 F. Supp. at 906–09. The *Wegg* court identified several justifications for disallowing felony penalties for accomplice liability: (1) "it would clearly

be an absurd result to allow prosecutors to wholly circumvent [the 1986 statutory] amendments by charging felony violations indirectly through the use of accomplice liability," *id.* at 906; (2) Congress apparently made a "scrivener's error" when it failed "to explicitly prohibit felony accomplice liability for gun dealers, " *id.*; and (3) akin to a Second Circuit opinion analyzing accomplice liability under 21 U.S.C. § 848 regarding continuing criminal enterprises, section 924 assigns misdemeanor punishment to licensed dealers and felony punishment to everyone else through a "statutory scheme [that] must not be overcome by the general accomplice liability provisions" especially when the "licensed dealer's participation in the sale is 'inevitably incident' to the straw purchase, whether or not he has the knowledge that the sale is illegal," *id.* at 906–08 (referring to *Gebardi v. United States*, 287 U.S. 112, 123 (1932)); *see also United States v. Amen*, 831 F.2d 373, 381–82 (2d. Cir. 1987) (discussing Congress' intent to create a sentencing enhancement for kingpins rather than a new means for prosecuting accomplices); *Abuelhawa v. United States*, 556 U.S. 816, 820 (2009) ("[W]here a statute treats one side of a bilateral transaction more leniently, adding to the penalty of the party on that side for facilitating the action by the other would upend the calibration of punishment set by the legislature . . . .").

      The Court agrees with *Wegg*'s reasoning as to the first and third justifications. Having concluded that Congress intentionally enacted section 924(a) to exclude licensed firearms dealers from the felony provision—apparently with the understanding that being sentenced under the misdemeanor provision and losing one's license and ability to continue working as a licensed firearms dealer would be sufficient—allowing prosecutors to circumvent this statutory scheme through accomplice liability would be absurd.  The Court is further persuaded by this outcome because the dealer's participation is necessary for anyone to accomplish such a scheme and the Government can instead charge the defendant with a section 924(a)(1)(D) willful violation to seek a felony conviction.

The *Wegg* court also dispensed with conspiracy liability as a means of otherwise achieving felony penalties for licensed gun dealers. It pointed to the conspiracy statute's provision limiting liability to a misdemeanor punishment when "the offense, the commission of which is the object of the conspiracy, is a misdemeanor only." *Wegg*, 919 F.Supp. at 908 (quoting 18 U.S.C. § 371). Because the court had already found that a licensed dealer could only be punished as a principal for a misdemeanor offense, the court reasoned that a dealer's participation in a "conspiracy to commit those very same acts can only result in misdemeanor punishment." *Id.* at 908–09; *see also United States v. Dedrick*, 665 F.Supp. 2d 535, 541 (W.D. N.C. 2009) (where defendant could have been convicted for conspiracy under either felony or misdemeanor provision, but verdict form was unclear as to which conspiracy jury reached verdict, "the court must err on the side of lenity and reduce this conviction to a misdemeanor"). In the *Wegg* court's view, this also better aligned with the legislative intent. 919 F.Supp. at 908–09; *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 261–62 (1994) (disapproving of statutory interpretation that would require assumption "that Congress chose a surprisingly indirect route to convey an important and easily expressed message"). The Supreme Court of the United States has warned that it "will view with disfavor attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions." *Grunewald v. United States*, 353 U.S. 391, 404 (1957), *quoted approvingly in United States v. Jauregui*, 918 F.3d 1050, 1059 (9th Cir. 2019).

Tilotta's superseding indictment describes the conspiracy as violating 18 U.S.C. § 924(a)(1)(A) by making false statements in the acquisition of a firearm. ECF No. 152 at 8. It describes the purpose of the conspiracy as self-enrichment by selling firearms to the other defendants with the intention to transfer them to other individuals. *Id.* The verdict form described the conspiracy as "mak[ing] false statements in the acquisition of a firearm." ECF No. 324 at 1. Accordingly, the objective of the conspiracy—though the

8

19-CR-4768-GPC

government could have presented it differently—was making false statements in the acquisition of a firearm in violation of section 924(a)(1)(A). Because the legislative intent limits Tilotta's penalty to a misdemeanor for "knowingly" making false representations, and the object of the conspiracy would have been a misdemeanor as applied to Tilotta, the Court is persuaded that Tilotta's punishment under conspiracy liability is also limited to a misdemeanor penalty. The Court is further convinced of this outcome under the rule of lenity given the ambiguity around the effect the conspiracy statute should have on the penalties available under section 924(a). *See Bifulco v. United States*, 447 U.S. 381, 387 (1980) ("[T]he Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." (quoting *Whalen v. United States*, 445 U.S. 684, 695 n.10 (1980))).

**IT IS SO ORDERED.**

Dated: March 17, 2023

Hon. Gonzalo P. Curiel
United States District Judge