```
 1                    UNITED STATES DISTRICT COURT

 2               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3
     UNITED STATES OF AMERICA,       .
 4                                   .
                    Plaintiff,       . No. 19-cr-4768-GPC
 5                                   .
                       v.            . April 25, 2022
 6                                   . 3:00 p.m.
     GIOVANNI VINCENZO TILOTTA,      .
 7   WAIEL YOUSIF ANTON,             .
                                     .
 8                  Defendants.      . San Diego, California
     . . . . . . . . . . . . . . . .
 9
                       TRANSCRIPT OF STATUS HEARING
10                BEFORE THE HONORABLE GONZALO P. CURIEL
                       UNITED STATES DISTRICT JUDGE
11
     APPEARANCES:
12   For the Plaintiff:       United States Attorney's Office
                              By: NICHOLAS PILCHAK, ESQ.
13                                ANDREW HADEN, ESQ.
                              880 Front Street, Room 6293
14                            San Diego, California 92101

15   For the Defendant        Warren & Burstein
     Giovanni Tilotta:        By: JEREMY WARREN, ESQ.
16                                KATIE JENKINS, ESQ.
                              501 West Broadway, Suite 240
17                            San Diego, California 92101

18   For the Defendant        Iredale & Yoo
     Waiel Anton:             By: EUGENE IREDALE, ESQ.
19                            105 West F Street, 4th Floor
                              San Diego, California 92101

20

21

22

23   Court Reporter:          Chari Bowery, RPR, CRR
                              333 West Broadway, Suite 420
24                            San Diego, California 92101
                              chari_bowery@casd.uscourts.gov
25   Reported by Stenotype, Transcribed by Computer
```

```
 1            SAN DIEGO, CALIFORNIA; APRIL 25, 2022; 3:00 P.M.
 2                              -o0o-
 3            THE CLERK:  Calling matter 17 on calendar,
 4   19-cr-4768, United States of America v. Giovanni Vicenzo
 5   Tilotta and Waiel Yousif Anton, for status hearing.
 6            THE COURT:  Appearances, please.
 7            MR. WARREN:  Good afternoon, Your Honor.  Jeremy
 8   Warren and Katie Jenkins for Mr. Tilotta, present, in the red
 9   shirt, in the audience.
10            THE COURT:  Let the record reflect that the attorney
11   has identified his client.
12            DEFENDANT TILOTTA:  Good afternoon, Your Honor.
13            MR. IREDALE:  Gene Iredale, Your Honor, for
14   Mr. Anton, present before Your Honor this afternoon.
15            THE COURT:  Good afternoon.
16            DEFENDANT ANTON:  Good afternoon, Your Honor.
17            THE COURT:  Good afternoon, Mr. Warren, Ms. Jenkins,
18   Mr. Iredale, Mr. Tilotta, and Mr. Anton.
19       And on behalf of the United States?
20            MR. PILCHAK:  And good afternoon, Your Honor.
21   Nicholas Pilchak for the United States.
22            THE COURT:  Good afternoon, Mr. Pilchak.
23       And Mr. Anton, welcome back with us.  I think one of the
24   reasons that we are here for a status hearing is to check in on
25   Mr. Anton's condition, and it looks like he may be back or he
```

```
 1  may be well again.  What is the situation there?
 2           MR. IREDALE:  He is fully recovered, Your Honor.
 3  Thank you.
 4           THE COURT:  And then, with that, we are set to begin
 5  trial August 30.  WE still have that time frame reserved for
 6  you all.
 7      Is there anything that would affect us, prevent us from
 8  going forward on August 30?
 9           MR. IREDALE:  Not to my knowledge, Your Honor.
10           THE COURT:  Mr. Warren?
11           MR. WARREN:  Same.
12           THE COURT:  Mr. Pilchak?
13           MR. PILCHAK:  No, Your Honor.
14           THE COURT:  And I looked at the docket before I took
15  the bench, and other than the travel modification as a
16  condition of bail, is there anything for us to address at this
17  moment, Mr. Iredale?
18           MR. IREDALE:  From our perspective, no, Your Honor.
19  I am hopeful that the government will resolve this case with
20  me.  I have made them a very reasonable offer.  But, of course,
21  it's within their entire unrestrained discretion.  But in any
22  event, I do think government counsel has a proposal that we
23  modify the pretrial order for the exchange of certain
24  information.
25           (Andrew Haden, Esq., entered the courtroom.)
```

1      MR. IREDALE: And I think we have no objection to
2 that modification in light of the new trial date. And I think
3 there's an order that counsel wishes to present to you.
4      THE COURT: All right. And is that correct,
5 Mr. Pilchak?
6      MR. PILCHAK: It is, Your Honor. I have an extra
7 copy of what I proposed to the defense I would be happy to hand
8 up.
9      THE COURT: Please.
10    And let the record reflect that Mr. Haden, co-counsel, is
11 present in the courtroom as well.
12      MR. HADEN: Thank you, Your Honor. I apologize. I
13 was at a different hearing. I knew Mr. Pilchak had it and I
14 could join.
15      THE COURT: He did.
16      MR. IREDALE: Your Honor, I thought there was a rule
17 in this court about tardiness. I could be wrong. But
18 especially someone in a high position in the government should
19 show appropriate deference, it seems to me, by being on time.
20      THE COURT: All right. Well, Mr. Iredale, we can
21 only imagine what life would be like with you presiding as
22 judge.
23      MR. IREDALE: Your Honor, fortunately, I think we are
24 going to be lucky enough never to have to find out.
25      MR. HADEN: As he was speaking, Your Honor, I saw the

1  glass house around Mr. Iredale, and it looked exceptionally
2  fragile.
3              THE COURT:  You generally arrive in court on time.
4              MR. IREDALE:  Infallibly, Your Honor.
5              THE COURT:  I don't know about that.
6      BUT let me take a look at this proposed amended third
7  pretrial order.  So, then, the second amended pretrial order
8  would have been based upon the last trial date.  Was that
9  January or March?
10             MR. PILCHAK:  It was the March 8 trial date, Your
11 Honor.
12             THE COURT:  So, then, the parties are agreeable to
13 this?
14             MR. IREDALE:  Yes, sir.
15             MR. WARREN:  Yes, Your Honor.
16             THE COURT:  So, then, I will sign it.  (Pause.)
17      All right.  I have signed it.
18      And then, is there anything else we should take up at this
19 time?
20             MR. IREDALE:  No, Your Honor.  Just to wish the Court
21 a good afternoon.
22             MR. PILCHAK:  And only to address the Speedy Trial
23 Act, Your Honor.  I don't recall whether the prior exclusion
24 was all the way through trial, but it may make sense to revisit
25 that today.

1    MR. IREDALE:  I think we had stipulated to that; but,
2 certainly, if the Court wishes to make an additional finding or
3 to continue it, I have no objection.
4    THE COURT:  Well, we do need to account for some
5 period between the maximum trial date, today, and our trial
6 date.  I am not sure if I did find excludable time last time we
7 were in court.  I know we have excluded time through this time
8 frame, given Mr. Anton's medical condition, and certainly that
9 would have qualified.
10    As to between now and August, let me inquire, is there an
11 additional level of preparation that is required or is there
12 something else that we can point to besides the, kind of,
13 catchall of 3161(h)(7)(B)(i); that, given the fact that in this
14 case the Court has already set the matter for trial on three
15 occasions and the Court was ready to go on each of those
16 occasions, but then, for one reason or another -- be it COVID
17 in terms of the pandemic and not allowing us to proceed or
18 COVID in the sense of not allowing Mr. Anton to proceed -- then
19 the Court ended up in a situation where, at this point, the
20 next available date for all the parties was August?  So there's
21 no way for me to get in trial between now and July 4.
22    MR. IREDALE:  I think that is correct, Your Honor.
23    I could be wrong, but I thought in the last colloquy that
24 we had over the telephone, the Court had made the relevant
25 findings when Your Honor set the date.  And I certainly have no

1   objection.  I understood that -- we weren't able to go to
2   trial, and this is the next available date.
3           And as to preparation, I am still trying to figure out
4   what the government's case is about.  An infinite amount of
5   time would be necessary to do it.
6           But I can, I think, legitimately represent to Your Honor
7   that there is substantial material, and that I do need to
8   review that and to make adequate preparations for trial.  And I
9   certainly have no objection, given all of the circumstances, in
10  saying, for additional pretrial preparation, as well as because
11  of the circumstances related to Mr. Anton's illness, as well as
12  the schedules of the parties and the Court, that the interests
13  of justice are appropriately served by finding excludable time.
14              THE COURT:  And I don't recall, as I mentioned
15  before, what exactly I would have said about the Speedy Trial
16  Act the last time we were here and how it is that we came about
17  with the August trial date.  I expect part of it may have been
18  that I have the Bychak case that goes from May until June, the
19  end of June; and then I have the Booker case, that goes from
20  July until mid August.  And then, the first time where I would
21  have three weeks available ended up being at the end of August.
22          And then also, keeping in mind, given this Court's history
23  with this case, that it probably would not make sense for the
24  Court to reassign the matter to one of our, either, new judges
25  or another judge who has no institutional knowledge about this

1  case.
2          MR. IREDALE:  Only if the Court has a particular
3  hatred for any of the particular judges to whom it might be
4  assigned.
5          THE COURT:  Or that was --
6          MR. IREDALE:  I shouldn't have said that.
7          THE COURT:  No.  And I know, when new judges come on,
8  there's a rumor that sometimes we kind of transfer cases that
9  are challenging.
10       But this is very challenging, and so I would not be
11 prepared to transfer this case, given the length of time that
12 the Court has presided over this case, going on three years
13 now.
14         MR. IREDALE:  And Your Honor, from our point of view
15 as well, because of the Court's history with the case, we
16 believe -- I think both sides believe that Your Honor is the
17 appropriate judicial official to preside over the case.  And we
18 affirmatively want that to happen because of Your Honor's
19 rulings on previous motions and familiarity with the factual
20 background of the case.  So we believe it would be to the
21 advantage of both sides.  So I have no objection to that
22 finding as well.
23         THE COURT:  Do you agree with that, Mr. Warren?
24         MR. WARREN:  I do.
25         THE COURT:  Mr. Tilotta, do you agree that the case

1  should stay with this Court, and are you satisfied that, given
2  everything that's been recited, the Court should find
3  excludable time between now and August 30?
4          DEFENDANT TILOTTA:  Yes, Your Honor.
5          THE COURT:  And Mr. Anton?
6          DEFENDANT ANTON:  Yes, Your Honor.
7          THE COURT:  And anything further from the government
8  on that?
9          MR. PILCHAK:  No, Your Honor.  We believe that is a
10 sufficient basis, especially together with the chief judge's
11 order about the continuing extraordinary circumstances in the
12 courthouse and the effect of that on the caseload in every
13 courtroom, including yours.
14         THE COURT:  So, then, that will be the order and that
15 will be the basis for the order.
16      That concludes this proceeding.
17      I will remind the defendants you are ordered to return on
18 August 30, at 8:30 a.m.
19      Do you understand, Mr. Tilotta?
20         DEFENDANT TILOTTA:  Yes, Your Honor.
21         THE COURT:  And Mr. Anton?
22         DEFENDANT ANTON:  Yes, Your Honor.
23         THE COURT:  Thank you.
24         MR. WARREN:  Thank you, Your Honor.
25         MR. IREDALE:  Thank you, Your Honor.

```
 1          MR. PILCHAK:  Thank you, Your Honor.
 2      (End of proceedings at 3:13 p.m.)
 3                       -o0o-
 4            C-E-R-T-I-F-I-C-A-T-I-O-N
 5          I certify that the foregoing is a correct
   transcript from the record of proceedings in the above-entitled
 6  matter.  Dated:  May 1, 2023.
 7                      /s/  Chari Bowery
                        _____
 8                      Chari Bowery, CSR No. 9944, RPR, CRR
```