```
10:01:47   1                    UNITED STATES DISTRICT COURT

           2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

           3

           4   UNITED STATES OF AMERICA,            .
                                                    .
           5        PLAINTIFF,                       . NO.19-CR-4768
                                                    .
           6             V.                          . MARCH 2, 2022
                                                    .
           7   GIOVANNI VENCENZO TILOTTA AND        . SAN DIEGO, CALIFORNIA
               WAIEL YOUSIF ANTON,                  .
           8                                         .
                    DEFENDANTS.                      .
           9   . . . . . . . . . . . . . . . . ..

10:01:47  10

          11

          12                  TRANSCRIPT OF STATUS HEARING
                          BEFORE THE HONORABLE GONZALO P. CURIEL
          13                  UNITED STATES DISTRICT JUDGE

          14   APPEARANCES:

          15   FOR THE PLAINTIFF:       UNITED STATES ATTORNEY'S OFFICE
                                        BY: NICOLAS PILCHAK & ANDREW HADEN
          16                            880 FRONT STREET, ROOM 6293
                                        SAN DIEGO, CALIFORNIA  92101
          17
               FOR THE DEFENDANT:       WARREN & BURSTEIN
          18        (TILOTTA)           BY: JEREMY D. WARREN & KATIE JENKINS
                                        501 WEST BROADWAY, SUITE 240
          19                            SAN DIEGO, CALIFORNIA  92101

          20   FOR THE DEFENDANT:       IREDALE & YOO
                    (ANTON)             BY: EUGENE IREDALE
          21                            105 WEST F STREET, FOURTH FLOOR
                                        SAN DIEGO, CALIFORNIA 92101
          22
               COURT REPORTER:          JULIET Y. EICHENLAUB, RPR, CSR
          23                            USDC CLERK'S OFFICE
                                        333 WEST BROADWAY, ROOM 420
          24                            SAN DIEGO, CALIFORNIA  92101
                                        JULIET_EICHENLAUB@CASD.USCOURTS.GOV
          25
               REPORTED BY STENOTYPE, TRANSCRIBED BY COMPUTER
```

1

|          |    |                                                                      |
|----------|----|----------------------------------------------------------------------|
| 10:01:47 | 1  | SAN DIEGO, CALIFORNIA; MARCH 2, 2022; 10:00 A.M.                      |
|          | 2  | -OOO-                                                                 |
|          | 3  | THE CLERK:  CALLING MATTER THREE ON CALENDAR,                         |
|          | 4  | 19CR4768, USA VS. GIOVANNI VINCENZO TILOTTA AND WAIEL YOUSIF          |
|          | 5  | ANTON, FOR STATUS HEARING REGARDING APPOINTMENT OF COUNSEL AND        |
|          | 6  | STATUS HEARING REGARDING THE TRIAL.                                   |
|          | 7  | MR. WARREN:  GOOD MORNING, JEREMY WARREN AND KATIE                    |
|          | 8  | JENKINS ON BEHALF OF MR. TILOTTA WHO IS NOT PRESENT BUT AWARE         |
|          | 9  | OF THIS HEARING.                                                      |
|          | 10 | THE COURT:  GOOD MORNING.                                             |
|          | 11 | MR. IREDALE:  GENE IREDALE, YOUR HONOR, FOR                           |
|          | 12 | MR. ANTON.  HE'S NOT PRESENT.  HE'S ILL.                              |
|          | 13 | THE COURT:  ALL RIGHT.  GOOD MORNING.                                 |
|          | 14 | MR. PILCHAK:  GOOD MORNING, YOUR HONOR.  NICHOLAS                     |
| 10:02:29 | 15 | PILCHAK AND ANDREW HADEN FOR THE UNITED STATES.                       |
|          | 16 | THE COURT:  MR. PILCHAK, MR. HADEN, GOOD MORNING.                     |
|          | 17 | WE'RE HERE ON TWO MATTERS.  ONE IS A STATUS HEARING REGARDING         |
|          | 18 | THE TRIAL AND A SECOND STATUS HEARING REGARDING THE APPOINTMENT       |
|          | 19 | OF COUNSEL FOR A SUBPOENAED WITNESS OF THE GOVERNMENT.                |
|          | 20 | LET ME BEGIN WITH THE TRIAL.  I UNDERSTAND MR. ANTON                  |
|          | 21 | HAS CONTRACTED COVID-19, AND AS SUCH, WILL NOT BE IN A POSITION       |
|          | 22 | TO ALLOW US TO PROCEED WITH TRIAL ON MARCH 8TH.  SO LET ME            |
|          | 23 | INQUIRE FIRST ON THAT.                                                |
|          | 24 | MR. IREDALE, WHAT IS MR. ANTON'S CONDITION?  WHEN DID                 |
|          | 25 | HE CONTRACT IT?  WHEN DO YOU ANTICIPATE HE WILL BE IN A               |

10:03:21   1   POSITION TO ATTEND TRIAL?

2        MR. IREDALE:  YES.  LET ME GIVE YOUR HONOR JUST A

3   CHRONOLOGY AND MEDICAL DIAGNOSIS, AS I UNDERSTAND IT.  I SAW

4   MR. ANTON ON THURSDAY IN MY OFFICE.

5        THE COURT:  THURSDAY WOULD BE FEBRUARY 24TH.

6        MR. IREDALE:  FEBRUARY 24TH.  AND HE WAS DOING FINE.

7   HE DID SHARE WITH ME THAT HIS WIFE WAS ILL AND THAT SHE HAD

8   TESTED POSITIVE ON AN ANTIGEN TEST FOR COVID-19, BUT HE,

9   HIMSELF, WAS FINE.  ON SATURDAY, I SPOKE WITH HIM AND HIS

10   CONDITION HAD CHANGED.  HE WAS TELLING ME THAT HE SUFFERED FROM

11   A HEADACHE, CHEST PAINS, SORE THROAT; HE WAS COUGHING AND FELT

12   EXTREMELY WEAK.  I WAS SUGGESTING THAT, IN LIGHT OF THAT, HE

13   SHOULD MAKE SURE THAT WE FIND OUT EXACTLY WHAT THE CAUSE WAS;

14   SO HE ARRANGED TO GET A PCR TEST FROM CVS, AS WELL AS HIS WIFE

10:04:37  15   AND HIS SON.

16        THE COURT:  ON THE 26TH?

17        MR. IREDALE:  IF THAT WAS SATURDAY, IT WOULD HAVE

18   BEEN THE 26TH.  I NOTIFIED COUNSEL FIRST THING MONDAY MORNING,

19   I THINK.  IT MAY HAVE BEEN EARLY MONDAY AFTERNOON; I'M NOT

20   SURE.  BUT I NOTIFIED COUNSEL THAT WE SUSPECTED IT MIGHT BE

21   COVID-19 AND WE WERE AWAITING THE RESULTS OF THE TEST.  AND ON

22   EARLY MONDAY AFTERNOON, I DID RECEIVE THOSE AND FORWARDED THEM

23   TO GOVERNMENT COUNSEL.  THEY SHOWED THAT MR. ANTON, HIS WIFE

24   AND HIS CHILD ALL TESTED POSITIVE FOR COVID-19.  HE HAS A

25   SECOND SON AND THAT CHILD DID NOT TEST POSITIVE; ALTHOUGH,

10:05:29  1   WHETHER IT'S AN ARTIFACT OF THE SON DIDN'T LIKE THE STRAW UP

2   THE NOSE SO HE WAS RELUCTANT TO ALLOW TESTING, BUT IN ANY

3   EVENT, THAT TEST FOR THE SECOND LITTLE BOY CAME BACK NEGATIVE.

4   SO THAT WAS THE STATUS.

5        I ALSO TALKED TO MR. WARREN AND LET HIM KNOW, AND HE

6   LET YOUR HONOR'S CLERK KNOW, I BELIEVE AT SOME POINT ON MONDAY,

7   THE STATUS.  SO I'VE BEEN MONITORING IT BY CALLING MR. ANTON

8   EVERY DAY.  I TALKED TO HIM THIS MORNING AROUND 9:30, AND HE

9   INFORMS ME THAT HE FEELS LIKE DEATH.  HIS CHEST STILL HURTS.

10   HE HAS A SORE THROAT.  HE HAS A BAD HEADACHE.  HE HAS TROUBLE

11   GETTING OUT OF BED AND WALKING AROUND; ALTHOUGH, HE IS ABLE TO

12   DO THAT.

13        THE COURT:  SO IS HE RECEIVING MEDICAL ATTENTION?

14        MR. IREDALE:  HE'S TALKED TO HIS DOCTOR.  HE IS NOT

10:06:39  15   HOSPITALIZED.  AND APPARENTLY, THE ADVICE HE RECEIVED FROM HIS

16   DOCTOR IS:  IF YOU HAVE TROUBLE BREATHING, GO TO THE EMERGENCY

17   ROOM AND CALL ME LATER.  SO THAT'S THE STATUS OF THAT.  I DO

18   NOT KNOW HOW LONG HE IS GOING TO BE SUFFERING ACTIVELY FROM

19   SYMPTOMS.  I DO NOT KNOW HOW LONG HE WILL BE COMMUNICABLE.  HE

20   WILL, OF COURSE, I THINK, IN PRUDENCE, TEST FOR THE VIRUS

21   BEFORE HE COMES BACK.

22        SO HERE'S MY PROBLEM:  I HAD PLANNED ON SPENDING THIS

23   WEEK OR MOST OF THIS WEEK IN PREPARING WITH HIM FOR TRIAL.  I

24   CANNOT DO THAT BECAUSE HE WON'T BE AVAILABLE THIS WEEK.  I DO

25   NOT KNOW HOW QUICKLY HE WILL RECOVER.  WHETHER IT GOES A WEEK

| | |
|---|---|
| 10:07:37 | 1 |

OR TWO, I DON'T KNOW, AND THERE'S NO WAY I THINK ANYBODY CAN

2  PROBABLY KNOW.  I REGRET TO SAY THAT MR. ANTON, AT LEAST UNTIL

3  THE EXPERIENCE OF THIS CASE, WAS A REPUBLICAN AND SHARES A

4  CERTAIN HEALTH VIEW OF CERTAIN PEOPLE IN THAT GROUP WHICH FEELS

5  THAT VACCINATIONS ARE UNNECESSARY.  SO HE'S, UNFORTUNATELY, NOT

6  PROPERLY IN A PHYSICAL POSITION TO FIGHT AS WELL AS OTHER

7  PEOPLE MIGHT.  AND I'M JESTING SLIGHTLY, BUT HE DID NOT GET THE

8  VACCINATION IS WHAT I'M TRYING TO SAY, AND THAT'S

9  PROBLEMATIC.

10          THE COURT:  RIGHT.  RIGHT.

11          MR. IREDALE:  BECAUSE NOW -- FORTUNATELY, WHEN I MET

12  WITH HIM ON THURSDAY WE BOTH WERE WEARING MASKS; SO AT LEAST

13  I'M STANDING HERE, AND I BELIEVE IN VACCINES.  BUT THAT IS THE

14  STATUS.  SO I WANTED TO LET YOUR HONOR KNOW.  AND AS TO WHAT IS

10:08:51  15  THE APPROPRIATE THING TO DO, I'LL LEAVE IT TO THE COURT.  I'M

16  SORRY.  I WANTED TO GET THIS DONE.  BUT I DON'T KNOW THAT I CAN

17  REPRESENT WITH ANY CERTAINTY WHEN MR. ANTON WILL PHYSICALLY BE

18  ABLE TO APPEAR IN COURT WITHOUT A DANGER TO HIMSELF OR A DANGER

19  OF INFECTING OTHERS.

20          THE COURT:  SO HERE IS WHERE I AM AT THIS POINT:

21  GIVEN THE PANDEMIC AND THE NEED TO CONTINUE TWO-, THREE-,

22  SIX-WEEK TRIALS OVER AND OVER AND OVER AGAIN OVER THE LAST TWO

23  YEARS, I HAD THREE CASES THAT WERE TWO WEEKS, THREE WEEKS, SIX

24  WEEKS IN LENGTH OVER THE COURSE OF THE NEXT FIVE MONTHS.  SO

25  THAT WAS MORE THAN THREE MONTHS OF MY ENTIRE TRIAL CALENDAR

10:09:51  1    CONSISTING OF THREE CASES.  THESE CASES KEEP GETTING BUMPED --

       2    FOR NO FAULT OF THE COURT, GOVERNMENT, DEFENSE -- BUT THEY

       3    CONTINUE TO BE BUMPED.  AND I'M REACHING A POSITION WHERE I

       4    CAN'T MANAGE TO MAINTAIN MY CALENDAR TO BE ABLE TO SET TRIALS

       5    IN REACTIVE CASES, WHICH WE KNOW WE HAVE A FAIR NUMBER OF

       6    THOSE.

       7            SO WHAT I WOULD LIKE TO DO IS TO AT THIS POINT SET

       8    THE MATTER FOR TRIAL ON MARCH 15TH, AND THEN WITH THE

       9    UNDERSTANDING THAT WE WILL CONTINUE TO GET UPDATES ON THE

      10    CONDITION OF MR. ANTON.  IF HIS CONDITION GETS WORSE, IF HE

      11    ENDS UP BEING HOSPITALIZED, THEN WE'LL KNOW THAT'S NOT

      12    REALISTIC AND WE'LL BUMP IT TO THE 22ND.  BUT I'M PREPARED TO

      13    TRAIL THIS CASE THROUGH THE MIDDLE OF APRIL, AND IF WE HAVEN'T

      14    BEEN ABLE TO TRY THE CASE AT THAT POINT, THEN MY ONLY RECOURSE

10:10:57 15    IS TO CONTINUE THE CASE TO THE END OF AUGUST BECAUSE THAT'S THE

      16    ALTERNATIVE WITH THESE OTHER TRIALS THAT ARE SET.

      17            MR. IREDALE:  I THINK THAT MAKES SENSE.  AND WHAT I

      18    WILL UNDERTAKE TO DO IS TO DAILY CHECK IN ON HIS STATUS, GIVE A

      19    REPORT TO COUNSEL, AND IF I HAVE PERMISSION, I CAN ALSO NOTIFY

      20    THE COURT THROUGH THE CLERK.  AND THEN, IN LIGHT OF WHAT THE

      21    STATUS IS --

      22            THE COURT:  AND THERE WAS A CONSIDERATION THAT I

      23    DIDN'T NOTE THAT THAT WAS PART OF THE ANIMATING WHY I'M

      24    PROPOSING TO DO WHAT I'M DOING, AND THAT IS BECAUSE THIS CASE

      25    IS A THREE-WEEK CASE, IT REQUIRES TIME-SCREENED JURORS.  SO

10:11:49  1   THOSE ARE JURORS WHO HAVE STATED THEIR WILLINGNESS TO

2   PARTICIPATE AND ACT AS JURORS IN A LONGISH TRIAL.  SO THE PANEL

3   THAT WE CURRENTLY HAVE IS ONLY AVAILABLE THROUGH MARCH THE

4   29TH.  AND THEN AFTER THAT, WE HAVE TO START ALL OVER AGAIN IN

5   TERMS OF FINDING A JURY PANEL THAT HAS BEEN SCREENED FOR A

6   THREE-WEEK TRIAL.  SO THAT'S ANOTHER CONSIDERATION.  AND

7   USUALLY, THAT PROCESS CAN TAKE FOUR TO SIX WEEKS WHICH WOULD

8   THEN REQUIRE US TO GO BEYOND APRIL-MAY, AND THEN WE RUN INTO

9   THOSE ISSUES I TOLD YOU ABOUT.

10          MR. IREDALE:  YOUR HONOR, I UNDERSTAND ENTIRELY.  I'M

11   REGRETFUL THAT THIS HAPPENED, FOR ALL PARTIES, AND I'LL DO AS

12   YOUR HONOR DIRECTS.

13          THE COURT:  ALL RIGHT.  ANYTHING ELSE FROM THE

14   GOVERNMENT ON THAT FRONT?

10:12:47  15          MR. PILCHAK:  NO, YOUR HONOR.  I THINK THAT SEEMS

16   LIKE THE MOST SENSIBLE WAY TO TACKLE THIS ISSUE.  OBVIOUSLY,

17   NOBODY WANTS TO PREJUDICE MR. ANTON'S ABILITY TO PROPERLY

18   PREPARE AND DEFEND HIMSELF AT THIS TRIAL.  WE ALL WISH HIM THE

19   SPEEDIEST OF RECOVERIES.  FOR MY CLIENT, IT IS A LITTLE TRICKY.

20   WE HAVE 20 TO 25 WITNESSES UNDER SUBPOENA NOW FOR THE THIRD

21   TIME, BUT WE'LL INVEST ALL THE TIME AND EFFORT THAT WE CAN AND

22   MUST TO KEEP THEM FLEXIBLE FOR THE MOVING TARGET OF THE TRIAL

23   DATE.  AND I AGREE WITH THE COURT, I DON'T SEE A BETTER WAY TO

24   DEAL WITH THIS SITUATION.  SO THAT'S OUR COMMITMENT TO CONTINUE

25   TO PREPARE FOR TRIAL AND BE READY FOR THE 15TH, OR IF

10:13:29  1   NECESSARY, A SLIGHTLY FUTURE DATE.

2        THE COURT:  ALL RIGHT.  SO LET'S DO THIS:  LET'S SET

3   THE MATTER FOR A FURTHER STATUS HEARING NEXT TUESDAY AT 9:00

4   A.M.  SO THAT WILL BE MARCH 8TH.  BUT WE COULD EVEN ACTUALLY DO

5   IT TELEPHONICALLY -- IT'S JUST A MATTER OF KIND OF "WHERE ARE

6   WE?" -- IF THAT'S ACCEPTABLE TO THE PARTIES.

7        MR. IREDALE:  THAT'S FINE, YOUR HONOR, WITH US.

8        MR. WARREN:  IT'S FINE, YOUR HONOR.  I DO WANT TO

9   ALERT THE COURT -- YOU SAID THAT THE JURY POOL IS AVAILABLE TO

10  THE 29TH.  TWO THINGS:  ONE IS, THE GOVERNMENT INDICATED THEY

11  NEED TWO WEEKS FOR THEIR CASE-IN-CHIEF --

12       THE COURT:  I THINK AS LONG AS WE START BEFORE THE

13  29TH, THEN WE WOULD BE IN A POSITION TO UTILIZE THAT GROUP OF

14  TIME-SCREENED JURORS AND SO WE WOULDN'T BE LIMITED TO THE WEEK

10:14:37  15  OF THE 29TH FOR THE CONCLUSION OR COMPLETION OF THE CASE.

16       MR. WARREN:  UNDERSTOOD.

17       (THE COURT AND CLERK CONFER.)

18       THE COURT:  SO MY CLERK COMMUNICATED WHAT THE JURY

19  ADMINISTRATOR, KIMMI RIDGEWAY --

20       MR. WARREN:  WE'VE MET HER.

21       MR. IREDALE:  SHE'S VERY STRICT, YOUR HONOR.

22       THE COURT:  YES, I'VE NOTICED.  I GUESS I MISSPOKE

23  WHEN I SAID AS LONG AS WE START BY THE 29TH.  AND I WILL FOLLOW

24  UP WITH HER BECAUSE ULTIMATELY I DO NEED TO MOVE FORWARD WITH

25  THIS CASE, AND TO THE EXTENT THAT WE HAVE TO MOVE HEAVEN AND

| | |
|---|---|
| 10:15:50 | 1 |

```
10:15:50  1    EARTH IN ORDER TO MAKE IT HAPPEN, IF WE'RE IN A POSITION TO
          2    START TRIAL BY THE 22ND OR THEREABOUTS, I'M PREPARED TO SEE
          3    WHAT WE CAN DO.  SO LET'S SET THE MATTER FOR A TELEPHONIC
          4    STATUS ON MARCH 8TH AT 9:00 A.M.  IN THE MEANTIME, I WILL
          5    CONSULT WITH OUR JURY ADMINISTRATOR AND THEN WE'LL FIND A WAY
          6    FORWARD.
          7              MR. WARREN:  YOUR HONOR, I WANTED TO ADD THAT IN
          8    SCHEDULING, AS MS. JENKINS WILL CONFIRM, I RARELY EVER TAKE A
          9    VACATION AND I HAVE A TRIP SCHEDULED THAT -- AND YOU CAN CALL
         10    MY WIFE; I'LL JUST WARN YOU THAT NOT ONLY IS SHE NICE BECAUSE
         11    SHE'S A DEMOCRAT, BUT SHE WAS BORN IN ISRAEL AND SHE'S PRETTY
         12    TOUGH -- BUT I'M OUT THE 31ST THROUGH THE NEXT TUESDAY.
         13              THE COURT:  WELL, THE 31ST, AS IT IS, IS A HOLIDAY.
         14    IT'S CESAR CHAVEZ DAY.  SO WE WOULD HAVE BEEN OUT THAT DAY
10:17:00 15    ANYWAY.
         16              MR. WARREN:  AND I'M OUT THROUGH THE 5TH.  SO IT
         17    WOULD IMPACT THE NEXT WEEK AS WELL.
         18              THE COURT:  ALL RIGHT.  WELL, WE'LL SEE.
         19              MR. WARREN:  I'LL BE BACK ON THE 6TH.  HOPEFULLY,
         20    THAT WON'T BE AN ISSUE, BUT I WANT THE COURT TO KNOW RIGHT
         21    AWAY.
         22              THE COURT:  THEN WE START TO RUN UP ON CERTAIN
         23    COMMITMENTS THAT I'VE MADE IN APRIL.  AND WE'LL FIND A WAY.
         24    THEN THE OTHER ISSUE ON CALENDAR, AND ACTUALLY, THE OTHER ISSUE
         25    THAT WAS THE, ORIGINALLY THE PURPOSE OF THIS HEARING, WAS TO
```

10:17:53  1   ADDRESS A MATTER RELATED TO AN INDIVIDUAL WHO, AS I UNDERSTAND,

2   HAS BEEN SUBPOENAED BY THE UNITED STATES TO TESTIFY AT TRIAL.

3   THIS INDIVIDUAL IS SOMEONE THAT THE GOVERNMENT HAD MET WITH,

4   BUT THE INDIVIDUAL INDICATED THAT HE WAS NOT COMFORTABLE IN

5   SPEAKING TO THE GOVERNMENT WITHOUT AN ATTORNEY.

6           AND SO THE QUESTION FOR THE COURT IS WHETHER OR NOT

7   THIS PERSON IS PREPARED TO TESTIFY AT TRIAL OR WHETHER OR NOT

8   HE IS GOING TO INVOKE A RIGHT TO REMAIN SILENT, A RIGHT TO NOT

9   TESTIFY BECAUSE THE MATTERS MAY INCRIMINATE HIM.  LET ME HEAR

10  FROM THE GOVERNMENT, IF YOU HAVE ANYTHING FURTHER.

11          MR. HADEN:  YES, YOUR HONOR.  THANK YOU.

12  SPECIFICALLY, WE'RE TALKING ABOUT MR. J.R. DIAZ.  HE'S PRESENT

13  IN COURT TODAY.  HE'S SITTING BACK THERE WITH THE BLACK SHIRT

14  AND TIE.  MR. DIAZ IS THE LONG-TIME EMPLOYEE OF MR. TILOTTA.

10:18:58  15  HE WORKS AT HONEY BADGER FIREARMS.  HE'S BEEN AWARE OF THIS

16  CASE.  HE'S INTERACTED WITH LAW ENFORCEMENT RELATED TO THIS

17  CASE.  HE'S NEVER BEEN TOLD HE'S A TARGET.  HE'S ALWAYS BEEN

18  TREATED AS A WITNESS.  HE'S BEEN SUBPOENAED AT TRIAL.  BUT HIS

19  NAME AND SIGNATURE DOES APPEAR ON SOME OF THE FIREARM

20  TRANSACTION FORMS THAT ARE RELEVANT TO THE CHARGES IN THIS CASE

21  AND SOME OF THE CONDUCT THAT WAS ALLEGED HERE.

22          HE CURRENTLY STILL WORKS AT HONEY BADGER FIREARMS FOR

23  MR. TILOTTA.  HE INDICATED THAT IN ORDER TO TESTIFY AND MEET

24  WITH THE UNITED STATES IN PREPARATION FOR THAT, HE WOULD NEED

25  TO HAVE AN ATTORNEY BECAUSE HE'S CONCERNED ABOUT INCRIMINATION

10:19:43
1    I BELIEVE -- ALTHOUGH, THE UNITED STATES HAS TREATED HIM

2    CONSISTENTLY THROUGHOUT.  WE HAVE NOT CHARGED HIM WITH THIS

3    CASE THREE YEARS INTO IT.  SO WHAT I WOULD PROPOSE, YOUR HONOR,

4    RESPECTFULLY AND HUMBLY, IS THAT -- I HAVE A CONFLICTS LIST --

5    I THINK WHAT WOULD BE MOST PRUDENT IS IF THE COURT WOULD ASK

6    THE DUTY MAGISTRATE TO PROVISIONALLY APPOINT SOMEONE OFF THE

7    CJA PANEL, AND THEY COULD HAVE AN OPPORTUNITY TO TALK WITH

8    MR. DIAZ.  THEY COULD DO A FINANCIAL STATEMENT WITH HIM.

9    THAT'S SOMETHING THAT WE FELT WAS INAPPROPRIATE FOR US TO

10   ENGAGE IN.  THEY COULD DO THAT WITH HIM AND TALK TO HIM ABOUT

11   HIS CONCERNS AND REPRESENT HIM GOING FORWARD.  IT'S OUR BELIEF

12   THAT HE PROBABLY WOULD QUALIFY.  AND I ALSO HAVE THAT CONFLICTS

13   LIST; IF I CAN APPROACH, I CAN PROVIDE IT TO YOUR CLERK.

14           THE COURT:  LET ME INQUIRE, AS A THRESHOLD MATTER.

10:20:31
15   MR. DIAZ, GOOD MORNING, SIR, AND THANK YOU FOR BEING HERE.

16   GIVEN WHAT WAS REPRESENTED AND REPORTED BY MR. HADEN, LET ME

17   ASK YOU:  IF YOU WERE CALLED AS A WITNESS AT TRIAL, ARE YOU

18   PREPARED TO TESTIFY AND ANSWER ANY AND ALL QUESTIONS THAT ARE

19   POSED TO YOU?  OR AT THIS TIME ARE YOU UNCERTAIN THAT YOU WOULD

20   BE PREPARED TO TESTIFY AND ANSWER ALL QUESTIONS POSED AND THAT

21   YOU WOULD IN FACT INVOKE A CONSTITUTIONAL RIGHT TO REMAIN

22   SILENT?

23           MR. DIAZ:  THAT'S WHY I WANT TO SPEAK TO A LAWYER

24   JUST TO MAKE SURE THAT NOTHING WOULD FALL ON ME IF I DID

25   TESTIFY.

10:21:20   1          THE COURT:  SO YOU'RE NOT SURE AT THIS MOMENT?

2          MR. DIAZ:  YES.

3          THE COURT:  SO POSSIBLY YOU WOULD INVOKE AT TRIAL

4     WHEN ASKED QUESTIONS ABOUT ALL OF THIS; IS THAT TRUE?

5          MR. DIAZ:  IF THAT'S WHAT I WAS ADVISED TO DO.

6          THE COURT:  AND I GUESS IT'S KIND OF THIS

7     WHICH-COMES-FIRST-THE-CHICKEN-OR-THE-EGG SCENARIO.  YOU DON'T

8     HAVE SUFFICIENT FINANCES TO HIRE AN ATTORNEY?

9          MR. DIAZ:  CORRECT.

10          THE COURT:  AND I WOULDN'T BE APPOINTING AN ATTORNEY

11     UNLESS I FOUND THAT THERE WAS ENOUGH OF A POSSIBILITY THAT YOU

12     MIGHT INVOKE WHERE THEN THAT WOULD CREATE THE NEED TO APPOINT

13     COUNSEL, AND WE WOULDN'T WANT TO DO THAT IN THE MIDDLE OF

14     TRIAL.  AND SO THEN LET ME HEAR FROM THE DEFENSE AS TO THEIR

10:22:09  15     VIEWS ON WHETHER OR NOT IT'S APPROPRIATE TO HAVE THE MAGISTRATE

16     JUDGE PROVISIONALLY APPOINT COUNSEL.

17          MR. WARREN:  YOUR HONOR, I THINK IT'S VERY

18     APPROPRIATE.  IT'S SOMETHING THE GOVERNMENT AND WE HAD

19     DISCUSSED OVER THE PRECEDING MONTHS.  THIS IS A PAPERWORK CASE.

20     MR. DIAZ HAS SIGNED A LOT OF THE DOCUMENTS THAT ARE GOING TO BE

21     AN EXHIBIT OR SOME OF THEM THAT ARE GOING TO BE GOVERNMENT

22     EXHIBITS IN THE CASE.  HE HAD ACCESS TO PURCHASERS, GARMO AND

23     OTHERS.  IT'S CLEAR HE SHOULD HAVE THE ADVICE OF COUNSEL.  WE

24     MET WITH HIM RECENTLY AND TOLD HIM ABOUT THE HEARING.  I THINK

25     HE ALREADY KNEW ABOUT IT.  WE TOLD HIM TO ALWAYS TELL THE

10:22:47  1    TRUTH, LISTEN TO YOUR LAWYER.  I THINK IT WOULD PROVIDE HIS

2    EMPLOYER AND DEFENSE WITH SOME COMFORT IF HE WAS PROVIDED THAT

3    OPPORTUNITY.

4              THE COURT:  DO YOU SHARE THAT VIEW, MR. IREDALE?

5              MR. IREDALE:  I HAVE NO OBJECTION.  AND I THINK IN

6    ORDER TO KEEP LAWYERS FULLY EMPLOYED, EVERYBODY SHOULD HAVE

7    ONE.

8              MR. HADEN:  YOUR HONOR, YOU HIT UP ON THAT; I FAILED

9    TO SAY THAT AT OPENING.  OUR CONCERN AND WHY WE APPRECIATE THE

10   COURT ALLOWING US TO BRING THIS ISSUE TO YOU EARLY, ESPECIALLY

11   WITH THE IMPORTANCE OF TIME AND CONSTRAINTS, IF THIS HAD ARISEN

12   DURING TRIAL, IT COULD HAVE THE ABILITY TO DELAY OR SLOW THINGS

13   DOWN AND SO WE THINK IT MAKES SENSE TO DO IT THIS WAY.

14             THE COURT:  ALL RIGHT.  SO HAVING HEARD FROM THE

10:23:29 15   GOVERNMENT AND THE RESPONSE FROM THE DEFENSE, HAVING HEARD FROM

16   MR. DIAZ, THE COURT FINDS THAT THERE'S A POSSIBILITY THAT

17   MR. DIAZ COULD BE INVOKING HIS RIGHT TO REMAIN SILENT AND NOT

18   ANSWER QUESTIONS AT TRIAL; AND IN ORDER TO AVOID THAT PROSPECT

19   OR AT LEAST THE PROSPECT OF THAT HAPPENING IN THE MIDST OF

20   TRIAL, THE COURT WILL DIRECT THE MAGISTRATE TO PROVISIONALLY

21   APPOINT AN ATTORNEY TO REPRESENT MR. TILOTTA IN THIS SYSTEM

22   WITH THE PREPARTION OF ANY FINANCIAL FORMS TO MAKE SURE THAT HE

23   OTHERWISE QUALIFIES FOR THE APPOINTMENT OF COUNSEL.

24             MR. HADEN:  I HAVE THE CONFLICTS LIST, YOUR HONOR, IF

25   I CAN SHARE IT WITH YOUR COURTROOM DEPUTY.  I ASSUME WE CAN

10:24:17   1   COMMUNICATE WITH THE MAGISTRATE JUDGE AND GET THE NAME TODAY,

           2   AND THEN WE'D BE ABLE TO MOVE FORWARD FROM HERE.

           3            THE COURT:  I'LL PROVISIONALLY APPOINT GARY BURCHAM.

           4            MR. HADEN:  THANK YOU, YOUR HONOR.  WHAT WE'LL DO IS

           5   I'LL HAVE THE AGENTS MAKE SURE WE PROVIDE AT LEAST THE INITIAL

           6   CONTACT INFORMATION FOR MR. BURCHAM, AND I'LL REACH OUT TO

           7   MR. BURCHAM TO MAKE SURE HE CAN MOVE EXPEDITIOUSLY BASED ON

           8   THIS APPOINTMENT.

           9            THE COURT:  ALL RIGHT.  ANYTHING ELSE TO ADDRESS AT

          10   THIS MOMENT?

          11            MR. PILCHAK:  ONE LAST THING, YOUR HONOR.  I THINK WE

          12   WERE LAST BEFORE THE COURT ON FEBRUARY 18TH AND THE COURT

          13   INDICATED IT HAD TAKEN UNDER SUBMISSION --

          14            THE COURT:  YES.  AND JUST SO YOU KNOW, WE HAVE

11:31:38  15   PREPARED AN ORDER, AND THERE'S PROBABLY A PARAGRAPH OR TWO THAT

          16   I'M FINALIZING.  I'LL SHARE WITH YOU AT THIS TIME WHAT THE

          17   RULING IS.  I'M PREPARED TO FOLLOW THE 6TH AND 8TH AMENDMENT

          18   VIEWS ON THE ABANDONMENT DEFENSE AND FIND THAT IT IS NOT

          19   AVAILABLE IN AN ATTEMPT CASE; AND AS A RESULT, EVIDENCE THAT

          20   WOULD BEAR ON THAT DEFENSE WILL BE EXCLUDED AS POSSESSING THE

          21   LIKELIHOOD OF CONFUSING THE ISSUES AT TRIAL.

          22            AT THE SAME TIME, I AM PREPARED TO ISSUE A FULL ORDER

          23   -- IT'S ABOUT TEN PAGES IN LENGTH -- THAT EXPLAINS THE

          24   REASONING, SOME OF WHICH I HAVE SHARED WITH YOU HERE IN COURT

          25   AT THE LAST HEARING.

14

11:32:32   1             SO WITH THAT, THEN THAT WILL CONCLUDE TODAY'S

          2    PROCEEDINGS.  WE WILL HAVE A TELEPHONIC CONFERENCE NEXT TUESDAY

          3    AT 9:00 A.M.  THANK YOU.  STAY SAFE.

          4             ALL COUNSEL:  THANK YOU, YOUR HONOR.

          5             (MATTER CONCLUDED.)

          6                   C-E-R-T-I-F-I-C-A-T-I-O-N

          7

          8             I HEREBY CERTIFY THAT I AM A DULY APPOINTED, QUALIFIED
               AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED STATES
               DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT
          9    TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE;
               THAT SAID TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPTION OF MY
          10   STENOGRAPHIC NOTES; AND THAT THE FORMAT USED HEREIN COMPLIES
               WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL
          11   CONFERENCE.

          12            DATED: MAY 9, 2023, AT SAN DIEGO, CALIFORNIA.

          13

          14                     /S/ JULIET Y. EICHENLAUB
                                 JULIET Y. EICHENLAUB, RPR, CSR
          15                     OFFICIAL COURT REPORTER
                                 CERTIFIED SHORTHAND REPORTER NO. 12084

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25